IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-010 |
| | ) | |
| JUDGE HUMPRY, | ) | |
| JUDGE AUSTIN, | ) | |
| JUDGE EDMAN, | ) | |
| ROANE COUNTY SHERIFF'S OFFICE | ) | |
| DAVID HAVARD, and | ) | |
| ROANE COUNTY D.A. SCOTT McKINLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on the motions to dismiss filed by all defendants. [Docs. 15, 19]. For the reasons that follow, each motion will be granted, and this civil action will be dismissed.

Plaintiff, using a fill-in-the-blank civil rights complaint form, initiated this case in January 2006. The only relief sought in the complaint is for plaintiff's pending state court criminal charges to be "trialed in Federal Court[.]" Plaintiff alleges a denial of the right to counsel and complains that the state court ordered him to undergo a mental evaluation against his wishes.

The undersigned does not have jurisdiction to enjoin plaintiff's pending state criminal trial. "The *Younger* abstention doctrine instructs a federal court to abstain from

enjoining a pending state court proceeding when the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts." *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) (quotation omitted) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Under *Younger*, this court must abstain if: (1) a state proceeding is pending which (2) involves an important state interest and (3) offers plaintiff an adequate opportunity to raise his constitutional claims therein. *Cooper*, 203 F.3d at 954.

As for the first of these conditions, plaintiff by his own complaint acknowledges that state criminal charges were pending against him as of the date he filed his federal case. As for the second element, the State of Tennessee unquestionably has an important interest in prosecuting a defendant who, like the present plaintiff, is charged with firing multiple gunshots into his estranged wife. *Cf. Cooper*, 203 F.3d at 954 (noting important state interest in prosecutions relating to public health and safety). Lastly, state criminal court affords plaintiff sufficient opportunity to raise issues pertaining to his mental evaluation and legal counsel.

This court must therefore abstain from interfering with plaintiff's pending state criminal charges. Defendants' motions will be granted and this civil action will be dismissed.

ENTER:

s/ Leon Jordan
United States District Judge